UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL RUSHING,<br><br>    Petitioner,<br><br>    v.<br><br>JOE M. ARPAIO, et al.,<br><br>    Respondents. | NO. CV 12-7859-JAK (AGR)<br><br>ORDER TO SHOW CAUSE |

On September 12, 2012, Petitioner filed a Petition for Writ of Habeas Corpus. For the reasons discussed below, it appears that Petitioner has failed to exhaust his state remedies.

The court, therefore, orders Petitioner to show cause, on or before ***October 29, 2012***, why the petition should not be dismissed without prejudice based on failure to exhaust state remedies.

**I.**

**BACKGROUND AND DISCUSSION**

On June 1, 2005, Petitioner pled guilty in Los Angeles County Superior Court to possession of a concealed firearm, and was sentenced to "16 months with half time." (Petition at 2.) Although Petitioner alleges he filed an appeal with the California Court of Appeal and a petition for review with the California Supreme Court, the California Appellate Court Case Information online docket indicates that he has not. (*Id.* at 2-3.) Petitioner alleges he filed a habeas petition in the Superior Court. (*Id.* at 3.) He does not indicate the date he filed it, its disposition, or the date of disposition. (*Id.* at 3-4.) Petitioner does not indicate he filed any habeas petitions in the Court of Appeal or the California Supreme Court. (*Id.* at 4.)

At the time of the filing of the instant federal petition, Petitioner was incarcerated in a jail in Maricopa County, Arizona.[1] Petitioner states his petition involves "a parole problem with CDC.gov." (Petition at 2.) In Ground One, the only ground listed in the petition, he alleges:

> ineffective Assistance of counsel by CDCR.gov & LA [Public] defender offices. I call my Public defender for help and he never return[ed] my call or letter . . . There are high substantially v/o of my due process right, 4th, 5th amend[ment] & other amend[ments] & my right to interests of justice.

(*Id.* at 5.) In the same ground, Petitioner also alleges the "right to be free of cruel and unusual punishment." (*Id.*)

The AEDPA provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(I)

---

[1] On September 24, 2012, mail sent to Petitioner was returned indicating he was "no longer in custody." (Dkt. No. 6.) Petitioner has not filed a notice of change of address.

there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner present his contentions to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claims are based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

Because Petitioner has never filed any pleading in the California Supreme Court, the petition appears to be completely unexhausted and is therefore subject to dismissal without prejudice. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

## II.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before ***October 29, 2012***, Petitioner shall show cause, if there be any, why the petition should not be dismissed without prejudice based on failure to exhaust state remedies.

**Petitioner is also advised that if he fails to timely respond to this order to show cause, the petition is subject to dismissal without prejudice based on failure to exhaust state remedies.**

DATED: September 27, 2012

_____
ALICIA G. ROSENBERG
United States Magistrate Judge